# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGEI KOVALEV, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 20-188 |
| | : | |
| MEGHAN CLAIBORNE, *et al.* | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                            **March 2, 2020**

Having lost a jury trial in January 2018 and then an appeal after repeatedly challenging the veracity of an admitted exhibit, Sergei Kovalev *pro se* now tries challenging the same exhibit in this new lawsuit by arguing the opposing trial lawyers and their client state actors deprived him of his First Amendment and due process rights by introducing the same exhibit. He again recites his pursuit of administrative appeals with respect to Philadelphia's collection of commercial refuse fees assessed against a House of Worship where he maintains some type of ownership or management role. The jury already rejected these arguments. We admitted the exhibit at the January 2018 trial after affording Mr. Kovalev extensive opportunities to challenge it. He made this same argument before us and our Court of Appeals. He lost both times. His claims entirely lack merit. We must dismiss his Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. *Pro se* allegations

Sergei Kovalev either owns or manages a House of Worship in Philadelphia and believes it is not obligated to pay commercial refuse fees to the City. He first attended a first-level informal hearing conducted by the Philadelphia Office of Administrative Review on October 14, 2015 during which he contends Hearing Master Agostino J. Fanelli subjected him to "intimidation."[1] Following this hearing, Mr. Kovalev sent a "letter-complaint" to Executive Director Paula Weiss

stating Hearing Master Fanelli "pretend[ed] to be a 'judge' in his 'courtroom.'"[2] This complaint initiated "harassment, abuses, and other unlawful acts."[3] Mr. Kovalev requested second-level review and attended a December 10, 2015 Tax Review Board hearing.[4] The Tax Review Board refused to decide his appeal and instructed him "to deliver some papers that did not even exist."[5] Mr. Kovalev concludes the "Tax Review Board [is] a plain swindle and sham that was invented by the City in its efforts to deny honest services to Philadelphia residents."[6]

Mr. Kovalev's claims arise from events occurring both during and after the December 10, 2015 Tax Review Board hearing, for which he has already asserted a separate civil rights cause of action.[7] Mr. Kovalev alleges his earlier case covered "the attack . . . inflicted by the sheriff's squadron leader Brown" and the "false phone call orchestrated by Defendants Weiss and [Yolanda] Kennedy."[8] Having presided over his first case through trial, we are well aware of his allegations.[9] Although we dismissed the majority of his claims, Mr. Kovalev proceeded to trial on his First Amendment claims for retaliation based on the alleged false reporting by Executive Director Weiss and Supervisor Kennedy only.[10] The jury returned a unanimous verdict, and we entered judgment on January 12, 2018 in favor of defendants and against Mr. Kovalev on all remaining claims.[11] Our Court of Appeals affirmed.

Mr. Kovalev now alleges (at the January 10-12, 2018 trial before this Court), the City's lawyers Meghan Claiborne and Shannon Zabel, along with Director Weiss, Supervisor Kennedy and Hearing Master Fanelli selected an "absolutely irrelevant exhibit representing a form used by Defendant Fanelli during the October 14, 2015 hearing" which contained Fanelli's handwritten notes.[12] Mr. Kovalev alleges the "fraudulent document" consists of "a handwritten form prepared by [a] municipal employee, who was intentionally falsifying the official documents and was concocting a false record."[13] Mr. Kovalev alleges Defendants "tampered with inclusion of

2

fraudulent and falsified handwriting representing the words, 'T. P. Nasty. Used Profanity,'" which Mr. Kovalev interprets as meaning "Taxpayer Nasty. Used Profanity."[14]

Mr. Kovalev alleges Hearing Master Fanelli intentionally fabricated false evidence and tampered with the document to "include false, derogatory, and fraudulent statements" about him with the intention "all municipal Defendants" use the document during the jury trial "to spoil the jury members with false and fraudulent . . . fabrications."[15] Mr. Kovalev alleges Attorneys Claiborne and Zabel, "as salaried City attorneys," prepared Hearing Master Fanelli's "falsified document" for use during trial, intending to injure Mr. Kovalev at trial.[16] Mr. Kovalev further alleges Attorneys Claiborne and Zabel conspired with all of the other state actors to use the "fraudulent exhibit" at trial "to spoil the jury with false and fraudulent so-called 'evidence'" and injure Mr. Kovalev.[17]

Mr. Kovalev alleges "jury members were improperly exposed to Defendant Fanelli's fraudulent document" during the trial and Attorney Claiborne "intentionally read aloud to the jury false and fraudulent notes specifically fabricated by [Hearing Master] Fanelli for the purpose of injuring [his] chances to prevail."[18] He further alleges "jury members were also intentionally exposed to Defendants' witnesses, whom the Defendants Meghan Claiborne and Shannon Zabel, specifically prepared for the trial."[19] Mr. Kovalev alleges our January 2018 trial was "futile because Defendants . . . intentionally spoiled the jury panel" by introduction of "Defendants' fraudulent exhibit and Defendants' specifically prepared witnesses."[20] As a result of Defendants' alleged fraudulent activities, Mr. Kovalev contends he lost his case and suffered injury and harm.[21]

He seeks compensatory and punitive damages for: violation of the First Amendment of the United States Constitution; violation of Due Process and the Fourteenth Amendment of the United States Constitution; conspiracy to violate Constitutional rights;[22] failure to supervise and properly

train; and negligent infliction of emotional distress.[23] After review consistent with Congress's mandate upon granting leave to proceed without paying the required fees, we must dismiss.

## II. Analysis

On January 29, 2020, we granted Mr. Kovalev leave to proceed *in forma pauperis* as he was not capable of paying the fees necessary to commence this action.[24] We must now screen his Complaint to see if he states a claim. Whether a complaint fails to state a claim under section 1915(e)(2)(B)(ii) requires we determine whether Mr. Kovalev pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[25] Conclusory statements and naked assertions will not suffice.[26] As Mr. Kovalev is proceeding *pro se*, we construe his allegations liberally.[27]

### A. We dismiss the First Amendment claim with prejudice.

We understand Mr. Kovalev is bringing a claim for First Amendment retaliation based on the introduction of an exhibit at his January 10-12, 2018 trial. Mr. Kovalev alleges Defendants intentionally created fabricated and false evidence which "constituted unlawful retaliation . . . by public official for engaging in activity protected by the First Amendment to the U.S. Constitution."[28] Mr. Kovalev alleges his conduct in "appealing and disputing erroneous municipal decisions, and attending public hearings" is protected by the First Amendment, and "it was not a sufficient reason for the involved Defendants to become engaged in activities of fabricating and using false evidence in federal court trial and jury tampering."[29]

To plead a plausible civil rights claim for First Amendment retaliation, Mr. Kovalev must allege: "(1) constitutionally protected conduct, (2) a retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."[30] To allege the requisite causal link

4

for a retaliation claim, the plaintiff must typically allege either an unusually suggestive temporal proximity between the protected First Amendment conduct and the allegedly retaliatory action, or a pattern of antagonism coupled with timing.[31]

While filing a false report has been found capable of deterring a person of ordinary firmness from exercising his or her First Amendment rights,[32] the document at issue here is not necessarily a report to a third party, but rather is an internal document produced during the course of discovery in response to Mr. Kovalev's allegations in *Kovalev v. Weiss*, No. 16-6380. Although Mr. Kovalev repeatedly pleads this document is "fabricated and false," there are no allegations demonstrated the document is, in fact, fraudulent.[33] Rather, it appears Mr. Kovalev disagrees with Hearing Master Fanelli's handwritten notes, which does not equate to fraud. Absent verified allegations to suggest the document was indeed fraudulent, we cannot find it qualifying as "retaliatory," let alone temporally suggestive of retaliation when prepared in 2015.

Because the Defendants allegedly prepared this document in 2015 — before Mr. Kovalev initiated his earlier 2016 lawsuit — it could not have been created to retaliate against him for filing the 2016 lawsuit. Mr. Kovalev fails to plead a plausible retaliation claim.

### B.     We dismiss the due process claim with prejudice.

Mr. Kovalev pleads Defendants violated the Fourteenth Amendment, "when they intentionally interfered with [his] right of equal protection, the right for fair due process, and fair trial."[34] Mr. Kovalev alleges "[f]alse and fraudulently fabricated evidence created by Defendant Fanelli was specifically prepared by defendants in anticipation of trial" and used during the January 10-12, 2018 jury trial "to injure [him], . . . obstruct justice" and "tamper with [the] federal jury trial."[35] Based on these allegations, we understand Mr. Kovalev is bringing a due process claim based upon the use of a document admitted into evidence during the January 2018 trial in

5

*Kovalev v. Weiss*, Case No. 16-6380. Mr. Kovalev alleges this document was "fraudulent" and its use at trial "spoiled the jury panel," causing him to lose his case and depriving him of a fair trial.[36]

"[F]airness in a jury trial, whether criminal or civil in nature, is a vital constitutional right."[37] A plaintiff who seeks to establish a procedural due process claim must demonstrate that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[38] "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"[39]

Mr. Kovalev now admits he first became aware of the document at issue during the discovery phase of *Kovalev v. Weiss*, No. 16-6380.[40] Mr. Kovalev knew of the document before the January 10-12, 2018 trial. We provided him multiple opportunities to be heard as to the admissibility of the document before trial. Mr. Kovalev moved to exclude this document as an exhibit on December 15, 2017.[41] On December 18, 2017, despite finding Mr. Kovalev waived his right to object because he failed to request discovery on it and failed to object to its inclusion in Defendants' pretrial memorandum submitted two months earlier, we denied his motion without prejudice allowing him the opportunity to cross-examine on the handwriting contained in the document during trial.[42] We permitted him opportunities to address this document during the trial. The defendant state actors, as represented by Attorneys Claiborne and Zabel) properly authenticated this document during the January 10-12, 2018 trial and we admitted it into evidence.

Following trial, Mr. Kovalev again exercised his opportunity to be heard with respect to this document when he included it as one of his appellate issues in his Notice of Appeal to the United States Court of Appeals for the Third Circuit. In his February 4, 2018 Notice of Appeal,

Mr. Kovalev argued we abused our discretion in allowing "defendants' attorneys, despite multiple objections of [Kovalev], to use at trial Defendant's Exhibit #8 that contained fraudulent and defamatory information intentionally concocted by parties associated with defendants."[43] He also devoted approximately five pages of his appellant brief to this issue.[44] On May 29, 2019, our Court of Appeals affirmed our January 12, 2018 judgment against Mr. Kovalev on all claims.[45]

We provided Mr. Kovalev fair notice and every opportunity to be heard as to the document at issue. The process Mr. Kovalev received comported with the requirements of due process. There are no allegations concerning what process Mr. Kovalev should have been afforded but was not. Mr. Kovalev's conclusory statements regarding "fraudulent" evidence simply appear to us as expressing dissatisfaction with the outcome of his case. Such statements do not plead a plausible violation of due process.

Mr. Kovalev also alleges "Defendants' activities are classified as obstruction of justice," and cites to 18 U.S.C. § 1503, which criminalizes obstruction of justice.[46] To the extent Mr. Kovalev intends to bring this claim, Congress has not provided a basis for civil liability.[47] Any claim under 18 U.S.C. § 1503 is implausible and must be dismissed with prejudice.

### C. We dismiss Mr. Kovalev's conspiracy claim.

Mr. Kovalev alleges all "Defendants conspired to violate [his] constitutional rights."[48] "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."[49] "[A] bare assertion of conspiracy will not suffice."[50] "'A conspiracy cannot be found from allegations of judicial error, *ex parte* communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'"[51] Rather, a plaintiff

7

must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement . . . , the period of the conspiracy, or the object of the conspiracy."[52]

Mr. Kovalev alleges Defendants conspired to violate his constitutional rights but he does not plead a fact to support this conclusion. Nothing plausibly suggests an agreement between the Defendants to violate Mr. Kovalev's rights. We need not credit Mr. Kovalev's conclusory allegations a conspiracy existed absent factual support for those allegations. We dismiss conspiracy claims.

### D. We dismiss Mr. Kovalev's failure to supervise and properly train claim.

Mr. Kovalev alleges the City of Philadelphia is responsible for the violations of his rights "because the individual Defendants' actions resulted from the City's deliberate indifference to a custom, pattern, practice, or policy of allowing employees to retaliate against individuals for their expressive conduct, among other things, and/or a deliberately indifferent failure to train, supervise, and discipline employees and officers who engage in such conduct."[53] Mr. Kovalev restates this allegation at various points throughout his Complaint.[54]

To plead municipal liability under Section 1983, Mr. Kovalev must allege the municipality's policy or custom caused the violation of his constitutional rights.[55] "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."[56] "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"[57] "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"[58] A plaintiff illustrates a custom was the proximate cause of his injuries by demonstrating the

8

defendant municipality "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury."[59]

Failure to train may be a basis for municipal liability if the failure to train "reflects deliberate indifference to constitutional rights."[60] "Establishing municipal liability on a failure to train claim under § 1983 is difficult. A plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries."[61] "Mere proof that an injury could have been avoided if the municipal officer or employee 'had better or more training is not enough to show municipal liability' under a 'failure to train' *Monell* claim."[62] A "pattern of similar constitutional violations by untrained employees" is typically necessary to show "deliberate indifference" because a decisionmaker, without notice a training program is deficient, "can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."[63]

Mr. Kovalev's claims against the City fail to meet this standard. Simply paraphrasing the elements of a *Monell* claim is insufficient to state a plausible claim.[64] Because Mr. Kovalev fails to allege facts regarding a relevant policy or custom — other than his own experience with the City of Philadelphia and a few of its employees — he fails to meet the "rigorous standards of culpability and causation" required for *Monell* liability.[65] Mr. Kovalev does not plead a history of employee mishandling necessary to show "deliberate indifference." We dismiss Mr. Kovalev's *Monell* claims against the City under Section 1915(e)(2)(B)(ii).[66]

### E. We dismiss Mr. Kovalev's state law claim without prejudice.

Mr. Kovalev seeks relief against all Defendants for negligent infliction of emotional distress under Pennsylvania law.[67] Because we dismissed Mr. Kovalev's federal claims, we will not exercise supplemental jurisdiction over a state law claim. The only independent basis for

9

jurisdiction over such a claim is 28 U.S.C. § 1332(a), which grants us jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"[68] An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.[69]

Mr. Kovalev fails to plead the amount of controversy in this matter. Complete diversity of citizenship is also lacking. Mr. Kovalev alleges he is a "citizen of the United States and resident of the City of Philadelphia in the State of Pennsylvania."[70] Mr. Kovalev further alleges the City of Philadelphia is a municipality located in the State of Pennsylvania, and the remaining Defendants are sued in their individual capacities but employed by the City of Philadelphia in various capacities.[71] Mr. Kovalev's allegations do not explicitly reveal the individual Defendants' citizenship for purposes of plausibly establishing diversity. Mr. Kovalev fails to meet his burden of demonstrating our subject matter jurisdiction over a state law claim.[72] We dismiss his state law claim.

## III. Conclusion

We dismiss Mr. Kovalev's Complaint. We dismiss his federal claims with prejudice for failing to state a claim upon which relief may be granted, and his state law claim is dismissed for lack of subject matter jurisdiction. Mr. Kovalev is not granted leave to file an amended complaint as amendment is futile.

---

[1] ECF Doc. No. 2 at 5-6.

10

[2] *Id.* at 6.

[3] *Id.*

[4] *Id.* at 6-8.

[5] *Id.*

[6] *Id.* at 8.

[7] *Id.* at 8-11; *see Kovalev v. Weiss*, No. 16-6380.

[8] *Id.* at 11.

[9] On December 14, 2016, Mr. Kovalev sued the City of Philadelphia, Paula Weiss, Yolanda Kennedy, and Angelinel Brown for a variety of claims arising under the United States Constitution and state law: failure to train and supervise subordinate employees; violation of the First, Ninth, and Fourteenth Amendments by preventing him from accessing areas generally accessible to the public; violation of the First and Fourteenth Amendments by retaliating against him for engaging in protected speech; violation of the Ninth and Fourteenth Amendments by discriminating against him on the basis of his race, national origin, and ethnicity; intentional and negligent infliction of emotional distress; defamation; assault; and harassment. *See Kovalev v. Weiss*, No. 16-6380, ECF Doc. No. 3 and 9.

[10] *See Kovalev v. Weiss*, No. 16-6380, ECF Doc. No. 140-141.

[11] *Id.* ECF Doc. No. 192.

[12] ECF Doc. No. 2 at 11.

[13] *Id.* at 12.

[14] *Id.*

[15] *Id.* at 12-13.

[16] *Id.* at 13.

[17] *Id.*

[18] *Id.* at 14.

[19] *Id.*

[20] *Id.* To the extent any of Mr. Kovalev's claims against Defendants are predicated on allegations he or she provided false testimony during trial, we note witnesses are entitled to absolute immunity

from liability based on testimony given in court. *See Briscoe v. LaHue*, 460 U.S. 325, 341-46 (1983); *see also Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) ("Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony"). We must dismiss Mr. Kovalev's claims to the extent they are based on testimony given in court.

[21] *Id.*

[22] *Id.* at 18-19.

[23] In addition to section 1983, Mr. Kovalev alleges his action is also brought under 42 U.S.C. §§ 1981 and 1985. ECF Doc. No. 2 at 4. Mr. Kovalev may not proceed on section 1981 claims because section 1981 does not provide a private right of action against a state actor. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009). Section 1983 provides "the exclusive remedy for violations of § 1981 by state actors." *Id.* We dismiss section 1981 claims as legally baseless because Defendants are identified as state actors. ECF Doc. No. 2 at 3.

In addition, "to state a claim under 42 U.S.C. § 1985, a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct"). Any claims under section 1985 fail because there are no allegations supporting a plausible basis for a race-based conspiracy.

[24] ECF Doc. No. 5.

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[26] *Id.*

[27] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). To the extent Mr. Kovalev is raising claims based on events occurring both during and immediately following the Tax Review Board hearing on December 10, 2015, and to the extent those claims were the subject of his prior civil rights cause of action (*Kovalev v. Weiss*, Civil Action No. 16-6380), such claims are barred by claim preclusion. *Res judicata*, or claim preclusion, bars a claim that was brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "In determining whether *res judicata* applies, courts do not proceed mechanically, but focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit." *Egli v. Strimel*, 251 F. Supp. 3d 827, 835 (E.D. Pa. 2017) (internal quotations omitted). "*Res judicata*

does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *Shah v. United States*, 540 F. App'x 91, 93 (3d Cir. 2013) (per curiam). Even if these claims were not barred by claim preclusion, they would, at this point, be untimely because the relevant events occurred in 2015. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Our analysis below focuses on Mr. Kovalev's claims related to the creation and use of the allegedly fraudulent document during the trial in his 2016 case.

[28] ECF Doc. No. 2 at 15.

[29] *Id.*

[30] *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

[31] *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) ("After all, if there was not a causal relationship then the District could not have engaged in its conduct in retaliation for appellants having engaged in a protected activity."); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir.1997) ("[T]he mere fact that adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events").

[32] *See R.K. v. Y.A.L.E. Sch., Inc.*, 621 F. Supp. 2d 188, 197 (D.N.J. 2008) (retaliatory conduct consisted of "filing a fraudulent truancy complaint against Plaintiffs with the Medford Township Police Department").

[33] Federal Rule of Civil Procedure 9(b), provides "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Mere conclusory statements will not suffice. *Ashcroft*, 556 U.S. at 686.

[34] ECF Doc. No. 2 at 16. To state a claim for an equal protection violation, a plaintiff must allege defendant intentionally discriminated against him based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). There are no allegations in the Complaint concerning discrimination, nor are there any allegations indicating Mr. Kovalev was subjected to harassment due to his membership in a protected class. Mr. Kovalev's reference to an interference with "his right of equal protection" is conclusory and must be dismissed. He has also failed to state a claim on a "class of one" theory. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment").

[35] ECF Doc. No. 2 at 16-17.

[36] *Id.* at 14.

[37] *Bailey v. Sys. Innovation, Inc.*, 852 F.2d 93, 98 (3d Cir. 1988) (citing *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 586 1976) (further citations omitted).

[38] *Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir.2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000)).

[39] *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, (1950)); *see also Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998) (noting that "[a]t the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard").

[40] ECF Doc. No. 2 at 12.

[41] *See Kovalev v. Weiss*, No. 16-6380, ECF Doc. No. 172.

[42] *Id.*, ECF Doc. No. 173.

[43] *Id.*, ECF Doc. No. 172 at 2-3, 4-5.

[44] *Kovalev v. Weiss*, 3d Cir. No. 18-1237 (Corrected Electronic Pro Se Brief filed May 17, 2018 at 60-65).

[45] *See Kovalev v. Weiss*, No. 16-6380, ECF Doc. No. 192, 199.

[46] ECF Doc. No. 17.

[47] *See Joynes v. Meconi*, No. 05-332, 2006 WL 2819762, at *10 (D. Del. Sept. 30, 2006) (dismissing claims "for violations of criminal statutes" including 18 U.S.C. § 1503).

[48] ECF Doc. No. 2 at 18.

[49] *Great Western Mining & Mineral Co. v. Fox Rothschild*, 615 F.3d 159, 178 (3d Cir. 2010) (citations omitted).

[50] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[51] *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).

[52] *Great Western Mining & Mineral Co.*, 615 F.3d at 179.

[53] ECF Doc. No. 2 at 19.

[54] *Id.* at 15, 17-18, 20.

[55] *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

<sup>56</sup> *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

<sup>57</sup> *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

<sup>58</sup> *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

<sup>59</sup> *Id.* (internal quotations and alterations omitted).

<sup>60</sup> *Wood v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. at 378, 388, 392 (1989)).

<sup>61</sup> *Reitz v. Cty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (citing *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1030 (3d Cir. 1991)).

<sup>62</sup> *White v. Brommer*, 747 F. Supp. 2d 447, 463 n.42 (E.D. Pa. 2010) (quoting *Kline ex rel. Arndt v. Mansfield*, 255 F. App'x 624, 629 (3d Cir. 2007).

<sup>63</sup> *Mann v. Palmerton Area School District*, 872 F.3d 165, 175 (3d Cir. 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)); *Thomas v. Cumberland Cty.*, 749 F.3d 217, 223 (3d Cir. 2014) (quoting *Connick*, 563 U.S. at 62).

<sup>64</sup> *See Anderson v. City of Philadelphia*, No. 14-6747, 2015 WL 3647416, at *4 (E.D. Pa. June 12, 2015) (holding the allegation the City developed, implemented, enforced, encouraged, and sanctioned de facto policies, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights was insufficient); *Smith v. McClendon*, No. 14-6358, 2015 WL 2079689, *8 (E.D. Pa. May 5, 2015) (holding allegation adverse treatment was the result of municipal policies, customs, omissions, lack of training and continuing indifference to deprived disabled persons of reasonable access to a public building because of disability was insufficient) (citing *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014); *see also McTernan*, 564 F.3d at 658 (holding allegation plaintiff's rights were violated "due to the City's policy of ignoring First Amendment right[s.]" was "not sufficient").

<sup>65</sup> *Brown v. Bd. Of Cty. Comm'rs of Bryan Cty.*, 520 U.S. 397, 405 (1997).

<sup>66</sup> The absence of any underlying constitutional violation is also fatal to these claims.

<sup>67</sup> *See* ECF Doc. No. 2 at 20.

<sup>68</sup> *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

<sup>69</sup> *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

<sup>70</sup> ECF Doc. No. 2 at 2.

[71] *Id.* at 3-4.

[72] *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").